UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   1:23-mj-02776 Damian

UNITED STATES OF AMERICA,

v.

ALEXANDER LOPEZ,

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?
   No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
Kevin D. Gerarde
Assistant United States Attorney
FL Bar No.        113844
11200 NW 20th Street, Suite 101
Miami, FL 33172
Tel: 305-715-7648
Email: Kevin.Gerarde@usdoj.gov

FILED BY   FS   D.C.
Apr 22, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| ALEXANDER LOPEZ, | ) | Case No. 1:23-mj-02776 Damian |
| | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **April 21, 2023** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to possess with intent to distribute a controlled substance. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_Complainant's signature_

Zulay Nunez, Special Agent HSI
_Printed name and title_

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: April 22, 2023

_Judge's signature_

City and state: Miami, Florida   Hon. Melissa Damian, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Zulay Nunez, having been first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a Special Agent with the United States Homeland Security Investigations ("HSI"), Department of Homeland Security ("DHS") and have been employed by the U.S. Government as a Federal Agent since June 2009. Prior to this employment, I was employed as a Customs and Border Protection Officer with the DHS, U.S. Customs and Border Protection ("CBP"). As an HSI Special Agent, I am authorized to conduct investigations into criminal violations of the laws of the United States, including narcotics offenses, such as conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846, and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1). I have personally been involved in numerous investigations concerning the possession, manufacturing, distribution, and importation of controlled substance, as well as methods used to finance drug transactions and launder drug proceeds.

2. During my career in law enforcement, I have received training in narcotics investigations and the methods used by narcotics traffickers to import and distribute narcotics, launder narcotics proceeds, and protect narcotics and proceeds. I have been personally involved in numerous investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds. During the course of these investigations, I have seized cocaine and other drugs. I

have also debriefed defendants, informants, and witnesses who had personal knowledge of major narcotics trafficking organizations.

3. As a result of my experience and training, I am familiar with the manner in which various types of illegal drugs are cultivated, manufactured, stored, packaged, smuggled, distributed, and protected, as well as the various methods used by narcotics traffickers to finance drug transactions and launder drug proceeds. I am also familiar with some of the code that narcotics traffickers use when discussing narcotics transactions. I have received training and significant experience in the preparation and execution of search warrants authorizing the search of physical locations, including private residences, for evidence of unlawful narcotics trafficking.

## **PROBABLE CAUSE**

4. This affidavit is submitted in support of a complaint for the arrest of Alexander LOPEZ for knowingly and willfully conspiring with other known and unknown persons to possess with intent to distribute a controlled substance, that is, a mixture and substance containing five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(A), all in violation of 21 U.S.C. § 846.

5. The facts listed in this affidavit are known personally to me or have been provided to me by other law enforcement officers participating in the investigation. The affidavit is provided solely for the purpose of establishing probable cause to arrest LOPEZ. Accordingly, this affidavit does not contain all of the facts known to me and other law enforcement concerning this investigation.

6. On April 20, 2023, during an investigation into a narcotics smuggling organization, an Alabama state trooper notified HSI Special Agents in Alabama of approximately 25 bricks of cocaine that law enforcement found out were being transported from the McAllen, TX area

through Alabama to the Miami Gardens, FL area. The 25 bricks of cocaine were packaged in two grey and black Adidas duffel bags, with a zip-tie connecting the zipper heads. The cocaine was being transported in a white, 2015 Peterbilt tractor with Texas license plate R641727 that was pulling a trailer with Texas license plate 150C506.

7. Through further investigation, HSI agents learned that the 25 bricks of cocaine were scheduled to be delivered the next day—on April 21—to an individual, who was ultimately identified as LOPEZ, in the neighborhood behind the Target store located at 5601 NW 183rd St, Miami Gardens, FL. HSI did not identify LOPEZ until he was arrested on April 21 following a controlled delivery of 25 kilograms of sham cocaine. Prior to the controlled delivery, HSI agents replaced the 25 bricks of cocaine with sham cocaine that was packaged inside of the same two Adidas duffel bags with a zip-tie connecting the zipper heads. HSI agents also placed a tracking device in each of the Adidas bags. HSI field tested a sample of the 25 bricks of cocaine that were removed from the two Adidas duffel bags, which tested positive for the presence of cocaine. The total weight of the 25 bricks, including packaging, was approximately 29.84 kilograms.

8. On April 21, 2023, at approximately 2:02 p.m., the sham cocaine was delivered to LOPEZ nearby the intersection of NW 188th Terrace and NW 49th Court in Miami Gardens, which is in the neighborhood behind the Target store. LOPEZ arrived driving a black Chevrolet Impala with Florida License plate AL37QA. LOPEZ was the sole occupant of the Impala. Just as the Impala came to a stop in front of the Peterbilt tractor, a Hispanic male exited the Peterbilt tractor with the two identical grey and black Adidas duffel bags containing the sham cocaine and placed them in the back seat of the Impala, at which time the Impala immediately drove off. The transfer took a matter of seconds. Law enforcement maintained visual surveillance of the Impala

and conducted a traffic stop approximately three blocks away after LOPEZ drove through a stop sign without stopping.

9. Miami-Dade Police Department ("MDPD") officers activated their emergency equipment to effect this traffic stop. LOPEZ pulled into a driveway at a nearby residence, immediately exited the vehicle, and began walking away. As LOPEZ walked away, he was on the phone and could be heard exclaiming in Spanish words to the effect of "Me cojieron, me cojieron," which roughly translates to, "They caught me, they caught me." MDPD officers detained LOPEZ on scene and placed him in a marked police vehicle.

10. In plain view in the back seat of the Impala, law enforcement could see the two grey and black Adidas duffel bags that LOPEZ had just driven off with. Following LOPEZ's arrest, law enforcement retrieved these two Adidas duffel bags, which still contained the 25 bricks of sham cocaine and tracking devices.

11. Law enforcement transported LOPEZ to MDPD for processing. There, during an audio recorded interview in Spanish, which is LOPEZ's preferred language, HSI special agents advised LOPEZ of his Miranda rights using a standard form. LOPEZ waived these rights and agreed to speak with the special agents.

12. LOPEZ stated he was in the area of the controlled delivery picking up fruits and plants that he needed for his religious ceremonies. Regarding the two duffel bags, LOPEZ stated that while looking for fruits and plants he saw two bags near a trailer, which he picked up and put in his vehicle, then left.

13. LOPEZ gave several explanations for why he stopped in the driveway and exited his vehicle to include because he was looking for his plants, because he had to urinate, and because he thought he was being pulled over for stealing. LOPEZ said he was on the phone with his

daughter telling her the police had stopped him. Ultimately, LOPEZ requested an attorney and ended the interview.

14. Based on these facts, there is probable cause to believe that, on April 21, 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, LOPEZ did knowingly and willfully conspire with other known and unknown persons to possess with intent to distribute a controlled substance, that is, a mixture and substance containing five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846.

FURTHER AFFIANT SAYETH NAUGHT.

Zulay Nunez
Special Agent
Homeland Security Investigations
Department of Homeland Security

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __Face Time__ this 22nd day of April 2023.

_____
HONORABLE MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

5